IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 06-CV-01404-REB-PAC

MACTEC ENGINEERING AND
CONSULTING, INC.

    Plaintiff,

v.

AMERICAN INTERNATIONAL SPECIALTY
LINES INSURANCE COMPANY,

    Defendant.

## AGREED ORDER INCLUDING PROTECTIVE ORDER

This discovery matter came before the Court for hearing on August 30, 2006. The parties have conferred and submitted this Agreed Order which they agree reflects the Court's rulings and their stipulations regarding particular documents.

### Background

1.  This is a matter ancillary to an insurance coverage action pending in the United States District Court for the Northern District of Georgia, Atlanta Division styled MACTEC Engineering & Consulting, Inc. v. American International Specialty Lines Ins. Co., Civil Action File No. 1:06-CV-00594-BBM (the "Primary Action"). In the Primary Action, Plaintiff MACTEC Engineering & Consulting, Inc. seeks damages and declaratory relief from its insurer, Defendant American International Specialty Lines Insurance Company ("AISLIC"). MACTEC seeks damages from AISLIC relating to an underlying claim filed against MACTEC in certain arbitration and court proceedings that were pending in Ohio. MACTEC also seeks damages and

declaratory relief regarding the application of a self-insured retention provision in its policy. AISLIC denies liability. The parties are presently engaged in discovery in the Primary Action.

2. On or about July 5, 2006, AISLIC caused a subpoena to be served on Marsh (U.S.A.), Inc. ("Marsh"). Marsh is MACTEC's insurance broker. On or about July 18, 2006, MACTEC filed a Motion to Quash regarding the Marsh subpoena, contending that Marsh's file contained documents that are protected by the attorney/client privilege or the work product doctrine. The Court scheduled a hearing and directed MACTEC to file a privilege log with respect to any documents for which privilege is claimed and to submit copies of all documents under seal with the Court. MACTEC timely complied with the Court's direction.

3. As reflected below, the parties' stipulations and the Court's rulings require the production of certain documents, in whole or in part. Because of the potentially sensitive nature of the documents that are to be produced, and because third parties may not necessarily be entitled to access to any documents that might be produced, the parties agree, and the Court ORDERS that any documents to be produced are subject to the following protective order entered pursuant to Fed. R. Civ. P. 26(c): Any documents produced pursuant to stipulation of the parties or order of the Court as reflected herein shall be used by AISLIC solely for the purposes of defending the Primary Action, shall not be revealed by AISLIC to any third parties without MACTEC's prior written permission, and shall be returned to Marsh through MACTEC at the conclusion of the Primary Action. AISLIC may use such documents as exhibits at depositions, but AISLIC will retain possession of the exhibit until time of trial or use of the deposition, and any portions of depositions making reference to the documents shall be designated as confidential and shall be subject to the same protections provided herein with respect to the documents. If AISLIC wishes to use any of the documents to be produced in Motions, AISLIC

shall file any such documents in the Primary Action under seal. Should AISLIC wish to use any of the documents to be produced at trial, it shall advise MACTEC in advance, and the parties shall seek instructions from the Court in the Primary Action at the Pretrial Conference regarding the use of the documents at trial.

4. The Court directed the parties to meet and confer regarding the production of documents in an effort to narrow the issues before the Court on August 30, 2006, before the hearing scheduled before the Court. Counsel met and conferred as directed and reached stipulations as to certain documents. For convenience, MACTEC's counsel prepared a copy of the privilege log with the documents numbered (in addition to the Bates numbers reflected in the original log). A copy of this privilege log, along with an additional column the parties have added to reflect their agreements or the Court's rulings[1], is attached hereto as Exhibit "A," and is incorporated herein as a part of this Order.

5. As reflected in Exhibit "A," the parties agreed that the following documents, pursuant to the corresponding numbers in Exhibit "A" are privileged and need not be produced: Nos. 44, 46, 47, 49, 50, 51, 53, 54, and 58. The Court accepts the parties' stipulation, and ORDERS that the Motion to Quash is granted as to the foregoing documents, and that they are not to be produced to AISLIC.

6. MACTEC has agreed that the following documents will be produced, provided that the production of the documents will not be deemed to create a subject matter waiver of any privilege or a claim of privilege as to any other document: Nos. 5, 6, 7, 14, 15, 17, 18, 20, 23, 25, 26, 27, 28, 35, 39, 41, 45, 83, 84, 86, and 87. AISLIC has agreed to the production of the

---

[1] By submitting this Agreed Order, the parties agree that it accurately reflects the Court's rulings. By submitting this Order, the parties shall not be deemed to have agreed that the Court's rulings are substantively correct. The parties do agree that any stipulations they have reached shall be final and binding.

-3-

documents on this basis. The Court accepts the parties' stipulation and ORDERS that the Motion to Quash is denied as to the foregoing documents, and that the foregoing documents are to be produced to AISLIC within ten (10) days of the date of this Order subject to the parties' stipulation and pursuant to the protective order set forth above.

7. The parties further stipulated that document Nos. 3 and 82 contained information not relevant to the subject matter of the Primary Action, and that those documents need not be produced. The Court accepts the parties' stipulation, and ORDERS that the Motion to Quash is granted as to the foregoing documents, and that they are not to be produced to AISLIC. The Court further notes that the stipulation and resulting Order makes moot a need to determine the privileged status of such documents.

8. Following announcement of the parties' stipulation, the Court issued rulings on document Nos. 1, 2, 4, 8, 9, 10, 11, 12, 13, 16, 19, 20, 21, 22, 24, 29, and 30. The Court's rulings are more particularly set forth in the attached Exhibit "A." The Court ORDERS that the Motion to Quash is granted in part and denied in part as more particularly set forth in Exhibit "A," and that the documents (or portions thereof) as to which the Motion to Quash is denied shall be produced to AISLIC within ten (10) days of the date of this Order and shall be subject to the protective order set forth above. The documents as to which the Motion to Quash is granted shall not be subject to production to AISLIC.

9. Following the Court's rulings, the Court adjourned to hear other matters. Counsel for the parties conferred again and made further stipulations in light of the Court's rulings. The parties stipulated that the following additional documents are to be produced, provided that the production of the documents will not be deemed to create a subject matter waiver of any privilege or a claim of privilege as to any other document: Nos. 32, 33, 35, 36, 40, 43, 45, 59, 61,

-4-

62, 63, 64 (remainder that has not already been produced), 65, 66, 67, 69, 71, 72, 76, 77, 78 (remainder that has not already been produced), 79, 90. The Court accepts the parties' stipulation and ORDERS that the Motion to Quash is denied as to the foregoing documents, and that the foregoing documents are to be produced to AISLIC within ten (10) days of the date of this Order subject to the parties' stipulation and pursuant to the protective order set forth above.

10. Following the Court's rulings, the parties further stipulated that the following documents are to be produced in part and are not to be produced in part: Nos. 31, 48, 74. The portions of the documents to be produced (which are produced subject to the same non-waiver stipulation set forth above) and not to be produced are set forth in Exhibit "A." The Court accepts the parties' stipulation and ORDERS that the Motion to Quash is granted in part and denied in part as to the foregoing documents as is more particularly set forth in Exhibit "A," and that any portions of documents to be produced are subject to the parties' stipulation and the protective order set forth above.

11. Following the Court's rulings, the parties further stipulated that the following documents are not to be produced: Nos. 55, 56, 60, 85 The Court accepts the parties' stipulation and ORDERS that the Motion to Quash is granted as to the foregoing documents, and that such documents are not to be produced to AISLIC.

12. Following the Court's rulings, the parties further stipulated that they will resolve any issues with respect to the following documents outside the current process, and with the Court in the Primary Action if needed: Nos. 52, 70. The Court accepts the parties' stipulation and grants the Motion to Quash as to such documents without prejudice to AISLC seeking such documents by other means and, if necessary, a ruling from the Court in the Primary Action as to any discovery issues, including any issues of privilege.

13. The parties have advised the Court that they are unable to reach an agreement with respect to the following documents and that the following documents will require a further ruling from the Court: Nos. 34, 37, 38, 42, 68, 73, 75, 80, 81, 88, 89, 91, and 92.

14. The issues as to the remaining documents will be determined by the Court by telephonic hearing on October 6, 2006 at 10:00 a.m. (M.D.T.), as previously set by Minute Order dated September 1, 2006. The parties are encouraged to review their positions and resolve all or part of the remaining issues prior to the next scheduled hearing.

15. At the hearing, the parties resolved questions regarding the scope of the subpoena, and Marsh agreed to search for additional documents responsive to the subpoena, as clarified. With respect to additional documents in Marsh's possession not previously produced that are responsive to the subpoena, as clarified, Marsh has agreed to produce documents on or before September 21, 2006. Marsh is making good faith efforts to comply with this deadline. However, should Marsh not be able to complete its review and production of documents within the time frame, or to provide copies of documents to MACTEC's counsel for privilege review in such time that a privilege log can be completed by the deadline, the counsel for the parties shall confer and attempt to agree on a new deadline. In the event that the parties are unable to agree on a new deadline, they shall notify the Court which will act to resolve the issue. The production will be subject to the protective order and nonwaiver agreement outlined in this ORDER and will be accompanied by a privilege log, if applicable.

SO ORDERED, this 20th day of September, 2006.

Hon. Patricia A. Coan
United States Magistrate Judge
United States District Court for the
District of Colorado